UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CIPRIANA QUANN,

                                Plaintiff,

  -against-

THE CITY OF NEW YORK; CHRISTOPHER KRAUSE; STEPHEN CONFORTI; MICHAEL O'SULLIVAN; JASON DUVAL; JEFFREY LEHN; ROSA GONZALEZ-NOA; RICHARD CARRERA; SHELDON LESSEY; and JOHN and JANE DOE 1 through 10, individually and in their official capacities

                                Defendants.
------------------------------------------------------------------------X

**1st AMENDED COMPLAINT AND JURY DEMAND**

ECF CASE

Docket No.
1:15-cv-7367

Plaintiff Cipriana Quann, by her attorney Joseph Indusi, Esq. of London Indusi, LLP, for his complaint against the above Defendants alleges as follows:

**PRELIMARY STATEMENT**

1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth Amendments, in addition to violations of the Laws of the State of New York.

2. The claim arises from a May 2, 2015 incident in which defendants, acting under color of state law, unlawfully detained and arrested Ms. Quann for no valid reason. As a result of this unlawful detainment and arrest, Ms. Quann was deprived of liberty for approximately 24 hours. At arraignments, Ms. Quann reluctantly accepted an Adjournment in Contemplation of Dismissal.

3. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

1

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the Laws of the State of New York.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of pendant jurisdiction.

## VENUE

6. Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

7. Plaintiff Cipriana Quann ("Ms. Quann") resided at all times in Kings County, in the City and State of New York.

8. The Defendant City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York.

9. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel, including police officers, detectives and supervisory officers as well as the individually named Defendants herein.

10. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

11. Defendant Christopher Krause ("Krause") was, at all times here relevant, a detective

employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Krause was, at the time relevant herein, a Police Officer under Shield # 2597 in the 496 Command. Defendant Krause is sued in his individual capacity.

12. Defendant Stephen Conforti ("Conforti") was, at all times here relevant, a Lieutenant employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Conforti was, at the time relevant herein, a Lieutenant in the 496 Command. Defendant Conforti is sued in his individual capacity.

13. Defendant Michael O'Sullivan ("O'Sullivan") was, at all times here relevant, a Sergeant employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant O'Sullivan was, at the time relevant herein, a Sergeant under Shield # 4176 in the 496 Command. Defendant O'Sullivan is sued in his individual capacity.

14. Defendant Jason Duval ("Duval") was, at all times here relevant, a Detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Duval was, at the time relevant herein, a Detective under Shield # 2809 in the 496 Command. Defendant Duval is sued in his individual capacity.

15. Defendant Jeffrey Lehn ("Lehn") was, at all times here relevant, a Detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Lehn was, at the time relevant herein, a Detective under Shield # 2286 in the 496 Command. Defendant Lehn is sued in his individual capacity.

16. Defendant Rosa Gonzalez-Noa ("Gonzalez-Noa") was, at all times here relevant, a Detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Gonzalez-Noa was, at the time relevant herein, a

Detective under Shield # 1999 in the 496 Command. Defendant Gonzalez-Noa is sued in her individual capacity.

17. Defendant Richard Carrera ("Carrera") was, at all times here relevant, a Detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Carrera was, at the time relevant herein, a Detective under Shield # 87 in the 496 Command. Defendant Carrera is sued in his individual capacity.

18. Defendant Sheldon Lessey ("Lessey") was, at all times here relevant, a Detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Lessey was, at the time relevant herein, a Detective under Shield # 1191 in the 496 Command. Defendant Lessey is sued in his individual capacity.

19. At all times relevant Defendants John and Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1 through 10.

20. At all times relevant herein, Defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

21. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

22. Within 90 days of the events rising to these claims, Plaintiff filed written notices of claim with the New York City Office of the Comptroller.

23. Over 30 days have elapsed since the filing of those notices, and this matter has not been

settled or otherwise disposed of.

24. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

## FACTUAL CHARGES

25. On May 2, 2015, at approximately 1:00 a.m., Ms. Quann entered a nightclub called Verboten, located at 54 North 11th Street in Brooklyn, King's County, New York.

26. Ms. Quann was with her friend and a few of his acquaintances.

27. Ms. Quann was not committing any crime or violating any local ordinance.

28. While Ms. Quann was walking in Verboten, Defendant Conforti aggressively shoved her from behind.

29. Ms. Quann turned around and said, "Can you please watch where you are pushing."

30. Defendant Conforti replied, "What?" and stepped in an aggressive and intimidating manner toward Ms. Quann.

31. Ms. Quann then replied, "I am a woman" scared and afraid because Defendant Conforti was much larger than she was.

32. Unidentified defendants then ran up to Ms. Quann and grabbed her arms and put them behind her back.

33. Defendants, including Defendant Conforti, Krause, O'Sullivan, Duval, Lehn, Gonzalez-Noa, Carrera and Lessey, then grabbed Ms. Quann and pushed her outside of the nightclub.

34. Defendants, including Defendant Conforti, Krause, O'Sullivan, Duval, Lehn, Gonzalez-Noa, Carrera and Lessey, unlawfully handcuffed Ms. Quann, extremely tightly, causing bruising and swelling to her wrists.

35. At no point did the Defendants observe Ms. Quann commit any crime or offense.

36. Defendants, including Conforti, Krause, O'Sullivan, Duval, Lehn, Gonzalez-Noa, Carrera and Lessey searched Ms. Quann without his permission or authority.

37. No contraband or anything of illegality was found on Ms. Quann.

38. Defendants, including Conforti, Krause, O'Sullivan, Duval, Lehn, Gonzalez-Noa, Carrera and Lessey unlawfully arrested Ms. Quann.

39. The Defendants had no probable cause or reasonable suspicion to arrest Ms. Quann.

40. Ms. Quann did not resist arrest.

41. Defendants put Ms. Quann in an NYPD van and drove her to the precinct.

42. Ms. Quann inquired as to why she was being arrested.

43. Defendants refused to tell Ms. Quann why she was being arrested.

44. Eventually, Ms. Quann was transported to central bookings in Brooklyn.

45. While Plaintiff was in central booking, Defendants including Defendant Conforti, Krause, O'Sullivan, Duval, Lehn, Gonzalez-Noa, Carrera and Lessey, acting with malice, conveyed false information to prosecutors in order to have plaintiff prosecuted for Disorderly Conduct, and other related charges.

46. At arraignments, Ms. Quann reluctantly accepted an Adjournment in Contemplation of Dismissal.

47. Plaintiff spent approximately 24 hours unlawfully detained in police custody.

48. During all of the events described, the individual Defendants acted maliciously and with intent to injure Plaintiff.

49. At all times relevant hereto, Defendants, including Conforti, Krause, O'Sullivan, Duval, Lehn, Gonzalez-Noa, Carrera and Lessey were involved in the decision to arrest Plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he

observed them arresting Plaintiff without probable cause.

50. As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages: a violation of his rights pursuant to the Fourth and Fourteenth Amendment of the United States Constitution, violation of New York State law, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of liberty and harm to reputation.

**FIRST CAUSE OF ACTION**
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

51. The above paragraphs are here incorporated by reference as though fully set forth.

52. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

53. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

**SECOND CAUSE OF ACTION**
False Arrest Under
42 U.S.C. § 1983 Against Individual Defendants

54. The above paragraphs are here incorporated by reference as though fully set forth.

55. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

56. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

57. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

58. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CAUSE OF ACTION
False Arrest and False Imprisonment Under
New York State Law Against All Defendants

59. The above paragraphs are here incorporated by reference as though fully set forth.

60. Defendants subjected Plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

61. Plaintiff was conscious of his confinement.

62. Plaintiff did not consent to his confinement.

63. Plaintiff's arrest and false imprisonment was not otherwise privileged.

64. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

65. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

66. The above paragraphs are here incorporated by reference as though fully set forth.

67. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

68. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

69. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the

damages hereinbefore alleged.

**FIFTH CAUSE OF ACTION**
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

70. The above paragraphs are here incorporated by reference as though fully set forth.

71. The individual Defendants created false evidence against Plaintiff, to wit, sworn documents and testimony alleging Ms. Quann committed unlawful acts.

72. The individual Defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

73. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

74. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**SIXTH CAUSE OF ACTION**
Negligent Hiring/Training/Retention Under
New York State Law Against City of New York

75. The above paragraphs are here incorporated by reference as though fully set forth.

76. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

77. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

78. Upon information and belief, Defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

79. Upon information and belief, Defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

80. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a) In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b) Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c) Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

d) Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e) Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: June 9, 2016
Brooklyn New York

Respectfully submitted,

/s/ Joseph Indusi, Esq.
*Joseph Indusi, Esq.*
Bar Number: JI6499
Attorney for Ms. Quann
London Indusi LLP
186 Joralemon Street, Suite 1202
Brooklyn, NY 11201
(718) 301-4593 – Phone
(718) 247-9391 – Fax
Joe@LondonIndusi.com

10